[Civ. No. 10302. First Appellate District, Division Two.—October 16, 1936.]

THE WESTERN PACIFIC RAILROAD COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA and ARMANDO GALLI, Respondents.

Ernest I. Spiegl for Petitioner.

Everett A. Corten for Respondents.

STURTEVANT, J.—The petitioner has applied for a writ of review for the purpose of having annulled portions of the award made by the respondent board in favor of Armando Galli, a former employee of the petitioner. All of its attacks are addressed to disability.

The petitioner attacks that portion of the second finding which was worded as follows: "Said injury caused temporary total disability continuing from September 4, 1935, to and including December 31, 1935 . . . " The petitioner claims there was evidence the disability commenced on September 4, 1935, but that the evidence showed it terminated October 5, 1935, the date claimant was discharged by the employer's physician. It may be stated that all of the medical testimony supports the claim of the petitioner, however, the claimant testified he did not do any work before January 1, 1936, because he "was not able to work". Therefore there was a conflict in the evidence and not an entire absence of evidence on the length of the period of temporary total disability.

The third finding made by the respondent board was in part, "Said injury also caused temporary partial disability continuing from December 31, 1935, to and including April 25, 1936 . . . " As we understand the petitioner, it makes the broad contention that there was no temporary partial disability. Again it may be stated the testimony of the physicians strongly tended to support the petitioner in its contention. But as recited above, the testimony of the claimant was that prior to January 1, 1936, he was not able to do any work, but after that date he was able to do "light work". Continuing, he testified that owing to the condition of his foot he could not prior to the date of the hearing, May 1, 1936, do anything but "light work".

The record is not clear but as we understand it the claimant testified that before working for the petitioner he worked in a grocery store. The nature of such work is not specified. Nevertheless at the time of the hearing he testified he was able to do that kind of work. However, he testified he was not able to operate a truck in moving freight, which had been his occupation while employed by the petitioner. Under these circumstances we think the second attack may not be sustained and that there was some evidence to support the finding made by the respondent commission.

Finally the petitioner attacks the last finding, which reads as follows: "Said injury may result in some permanent disability, but has not yet become permanent. Jurisdiction is reserved to amend these Findings and the Award to provide for any permanent disability indemnity that may hereafter become due, provided an application is filed within the time provided for by law and provided the condition is permanent." The petitioner asserts there was not the slightest evidence that the injury could ever result in permanent disability. Assuming, without deciding, that such assertion is well founded, the fact remains that said finding was wholly immaterial. It merely recited matters which were covered by the statute. However, it determined no factor in the award which was under attack. As shown above, the award was supported by the other findings. The power of this court, in this proceeding, is to annul or affirm the award as the record may appear (sec. 67, Workmen's Compensation Act); but it is not power merely to criticize.

It follows that the award should be and it is affirmed.

Nourse, P. J., and Spence, J., concurred.